UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE JESUS PULIDO, | ) | CASE NO. CV 14-7545 CAS (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE RE UNTIMELINESS |
| KIM HOLLAND, WARDEN, | ) | |
| Respondent. | ) | |

        The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 648 (2010).

Petitioner indicates that he signed the current petition on September 8, 2014. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On February 15, 2012 in Santa Barbara County Superior Court, Petitioner pleaded no contest to child molestation charges, pursuant to a plea agreement. On December 10, 2012, he was sentenced to 40 years to life in prison. *See* Pet. ¶ 2. (The Court assumes that the criminal *judgment*, including the conviction and sentence, was entered on December 10, 2012.)

(b) Petitioner did not appeal. The judgment became final after February 8, 2013, after his 60-day deadline for seeking a certificate of probable cause, and noticing an appeal, expired. *See* CAL. R. CT., Rules 8.304(b) (need for certificate) & 8.308 (60-day deadline). His one-year AEDPA limitations period began running at that time.

(c) One year passed. The limitations period appears to have expired after Monday, February 10, 2014. (The one-year period actually ended two days sooner, on Saturday, February 8, 2014. February 10 was the first court date thereafter. *See* FED. R. CIV. P. 6(a)(1).)

(d) On the next day, February 11, 2014, Petitioner filed a habeas petition in the state trial court, asserting that (1) his plea was invalid, (2) his lawyer was prejudicially ineffective in advising him about the plea deal, and (3) his lawyer failed to file an appeal. The trial court denied that petition on the same day. *See* Pet. ¶ 6(a).

(e) 56 days passed. On the 57th day after the prior denial, April 9, 2014 (not April 18 as stated in the petition), Petitioner filed another habeas petition in the California Court of Appeal, asserting the same claims. That court denied relief without comment on April 18. *See* Pet. ¶ 6(b).

(f)      66 days passed. On the 67th day after the appellate court's denial, June 24, 2014, Petitioner filed a habeas petition in the California Supreme Court, again asserting the same claims. That court denied relief without comment on August 27, 2014. *See* Pet. ¶ 6(c).

(g)      12 days later, Petitioner signed the current petition.

* * * * *

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale at the end of Monday, February 10, 2014, one year (and two days, as noted above) after his conviction became final on February 8, 2013. Petitioner's commencement of state habeas proceedings thereafter cannot rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

Moreover, even if Petitioner had a day or two remaining in his AEDPA limitations period when he filed his first state habeas action, this case would still be untimely. This is because of his two long delays – 56 days and 66 days, respectively – between his three state habeas petitions, unless Petitioner offers a sound explanation for those delays. *See Evans v. Chavis*, 546 U.S. 189, 191-92, 201, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) ("gap tolling" is unavailable to California petitioner who exceeded typically-allowed "30 [to] 60 day" delay between state post-conviction petitions, without explanation); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (petitioner who could not justify 115 day delay between state habeas filings not entitled to gap tolling because it was "substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions"); *Vinson v. Hedgepeth*, No. ED CV 12-1830 JSL (RZ), 2013 WL 1294607, at *2 (C.D. Cal. 2013) (petitioner's "58-day 'gap' comes close to exceeding '30 [to] 60 days' and is not explained") ("even if Petitioner receives tolling for his first 58-day 'gap,' he cannot receive it for his second, 90-day 'gap'"); *but see Mitchell v. Janda*, No. ED CV 13-0456 SJO (AGR), 2014 WL 502629, at *6 (C.D. Cal. Feb. 6, 2014) (although habeas petition was untimely for other reasons, petitioner's "gaps" of 58 days and 53 days

between two of his several state post-conviction challenges were not unreasonable and required no justification).

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order. If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: October 2, 2014

```
                                    /s/ Ralph Zarefsky
                                    _____
                                    RALPH ZAREFSKY
                                    UNITED STATES MAGISTRATE JUDGE
```

-4-