O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JESUS PULIDO,<br><br>            Petitioner,<br><br>   vs.<br><br>KIM HOLLAND, WARDEN,<br><br>            Respondent. | CASE NO. CV 14-07545 CAS (RZ)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Report and Recommendation of United States Magistrate Judge. Further, the Court has reviewed *de novo* those portions of the Report to which Petitioner has objected.

Petitioner's two-page Objections are based entirely on equitable tolling. He had the opportunity to raise that issue, but did not, in his petition and in his opposition to Respondent's motion to dismiss the action as untimely. (Petitioner did vaguely state, among other conclusory comments in his eight-line opposition brief, that "the reason for the delay was . . . a delu[]ge of erroneous legal advi[c]e," but that is insufficient. ECF 20.) The Court exercises its discretion to disregard such an issue improperly raised for the first time in Objections to the Magistrate Judge's Report. *See Sossa v. Diaz*, 729 F.3d 1225, 1230-31 (9th Cir. 2013). Although Petitioner, like the petitioner in *Sossa*, is *pro se*, he differs in that he is not "making a novel claim in an unsettled area of law." *Id*. at 1231.

Petitioner thus does not merit the same discretionary concession granted to the petitioner in *Sossa*.

Even if the Court were to exercise its discretion to consider the equitable tolling argument, the Court would reject it on its merits. Petitioner cites various cases in which counsel's shockingly poor conduct justified equitable tolling, but he fails to point to any evidence of comparably extraordinary attorney misconduct in this case. He complains principally that his trial counsel advised him that he (Petitioner) did not have the right to appeal. That advice appears to have been correct. Petitioner's conviction arose from a no-contest plea bargain whereby Petitioner expressly waived his right to appeal. *See* unlabeled Exhibit ("Waiver of Constitutional Rights and Plea") to Supp. to Pet. ("Request to Amend") (ECF 5), at p. 6. Petitioner fails to show the extraordinary circumstances justifying equitable tolling.

The Court accepts the findings and recommendations of the Magistrate Judge.

DATED: 5/4/15

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE